FILED
2004 DEC 23 AM 11:49
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

LEO A. METZGER,

Plaintiff,

v.

CNH America LLC, formerly CASE, LLC, and NEW HOLLAND NORTH AMERICA, INC.,

Defendants.

Case No. 04 C 50446

DOCKETED
DEC 23 2004

CNH America LLC

Counter-Plaintiff,

v.

LEO A. METZGER,

Counter-Defendant.

ANSWER AND COUNTERCLAIMS

**JURY TRIAL DEMANDED**

**ANSWER**

Defendant, CNH America LLC (formerly Case LLC and New Holland North America, Inc.) (hereinafter "CNH") hereby responds to the Complaint of Plaintiff Leo A. Metzger ("METZGER") as follows:

1. CNH admits that the Complaint purports to be an action for patent infringement, but denies all other allegations of Paragraph 1.

2. CNH has insufficient information to admit or deny the allegations of Paragraph 2 of the Complaint, and, therefore, denies the same.

3. It is admitted that CNH America LLC is a limited liability company organized and existing under the laws of the State of Delaware and having an office in Racine, Wisconsin 53404. CNH America LLC was formerly Case, LLC.

6

4. CNH denies the allegations of Paragraph 4. New Holland North America, Inc. is no longer a separate legal entity, having been merged with Case, LLC to form CNH America LLC. Therefore, this Answer and the following Counterclaims are CNH's response to the Complaint, but should also be deemed to be the response of New Holland North America, Inc. to the extent necessary.

5. Paragraph 5 states legal conclusions to which no answers are required.

6. CNH admits that the face of U.S. Patent No. 6,523,333 entitled "SENSOR ARM FOR COMBINE HEADER" (the "'333 patent") reflects an issue date of February 25, 2003 and names Leo A. Metzger as the alleged inventor. CNH denies that the '333 patent was duly and legally issued. CNH denies the remaining allegations of Paragraph 6 of the Complaint.

7. CNH denies the allegations of Paragraph 7.

8. CNH denies each and every allegation of the Complaint not specifically admitted or denied herein.

## DEFENSES

CNH asserts the following defenses, reserving the right to supplement or amend these defenses as discovery proceeds.

### FIRST DEFENSE

9. The Complaint fails to state a claim against CNH upon which any relief can be granted.

### SECOND DEFENSE

10. CNH has not infringed and does not infringe any claim of the '333 patent.

**THIRD DEFENSE**

11. CNH is not liable for any infringement of the '333 patent as METZGER is barred from any remedy or recovery because CNH constructively owns joint right, title and interest in the '333 patent by virtue of Mr. James M. Gessel's joint inventorship. In the alternative, CNH has an implied license to practice the '333 patent.

**FOURTH DEFENSE**

12. Each and every claim of the '333 patent is invalid for failure to meet the statutory requirements of Title 35 of the United States Code, including, but not limited to, the failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103, 112 and/or 116.

**FIFTH DEFENSE**

13. The '333 patent is invalid based on an improper named inventive entity which on information and belief was maintained by METZGER, the sole named inventor, despite his knowledge that he was not the sole inventor of the subject matter claimed in the '333 patent.

**SIXTH DEFENSE**

14. Each and every claim of the '333 patent is invalid for failing to meet judicially-created requirements for patentability and enforceability of patents.

**SEVENTH DEFENSE**

15. METZGER is estopped from asserting any scope for one or more of the claims of the '333 patent which would cover any CNH product, including combines known as Models 8010 and 2388 ("the accused machines"), because of amendments,

representations, assertions, disclaimers and/or admissions made during the course of proceedings in the United States Patent and Trademark Office ("USPTO") during prosecution of the application leading to the issuance of the '333 patent (the "'333 patent application"), including, but not limited to, an assertion of infringement based on the doctrine of equivalents and based on prosecution history estoppel.

**EIGHTH DEFENSE**

16. METZGER is estopped from construing the claims of the '333 patent to cover and include any CNH product, including the accused machines.

**NINTH DEFENSE**

17. All CNH products, including the accused machines, are so far removed in principle, structure, and operation from the machines claimed in the '333 patent that they are substantially different in function, way of operation, and result from any product disclosed or claimed in the '333 patent, thereby precluding any infringement of the '333 patent. There are substantial differences between CNH's products, including the accused machines, and the product disclosed and/or claimed in the '333 patent, thereby precluding any infringement of the '333 patent.

**TENTH DEFENSE**

18. METZGER is barred under 35 U.S.C. § 287 from recovering damages for any alleged act of infringement by CNH that occurred prior to actual notice of alleged infringement of the '333 patent from METZGER.

**ELEVENTH DEFENSE**

19. METZGER is equitably estopped from asserting claims for infringement of the '333 patent against CNH.

**TWELFTH DEFENSE**

20. On information and belief, the '333 patent was obtained through inequitable conduct and is therefore unenforceable. As grounds therefor, CNH states as follows:

a. The '333 patent application was filed on December 6, 2000, and the '333 patent issued on February 25, 2003.

b. As an inventor and, thus, an individual associated with the filing and prosecution of the '333 patent application, METZGER had a duty of candor and good faith in dealing with the USPTO, which includes a duty to disclose to the USPTO all information material to patentability of the claimed subject matter of the '333 patent application.

c. METZGER's duty of candor and good faith existed throughout the pendency of the '333 patent application.

d. In December 1999, prior to filing the '333 patent application, METZGER disclosed his alleged invention of a ground sensor to Mr. James M. Gessel, an employee of Case Corporation at that time.

e. In March 2000, prior to the filing of the '333 patent application, Mr. Gessel disclosed to METZGER highly pertinent prior art, including certain ground sensors utilized in corn headers manufactured, used, offered for sale and/or sold in the United States by Claas KGaA mbH and/or its

affiliate Claas of America LLC and at least prior art product literature disclosing the same (hereinafter "the Claas art").

f. The Claas art disclosed to METZGER by Mr. Gessel is material as there is a substantial likelihood that a reasonable examiner would have considered it important in deciding whether to allow the '333 patent application to issue as a patent.

g. Based on Mr. Gessel's disclosure of the Claas art, METZGER was aware that highly material Claas products as, depicted in the Claas literature, were in commercial use more than one year before the filing date of the application for the '333 patent application and, therefore, such products qualified as prior art with respect to the to the '333 patent application.

h. On information and belief, METZGER, while appreciating the materiality of the Claas art, intentionally withheld the Claas art from the USPTO with the intent to deceive the USPTO.

i. METZGER's failure to disclose the Claas art constitutes inequitable conduct which renders each claim of the '333 patent unenforceable.

**THIRTEENTH DEFENSE**

21. Upon information and belief, METZGER has engaged in patent misuse.

22. METZGER knew or should have known that each and every claim of the '333 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States patent laws, Title 35 U.S.C. §101 *et seq.*, including but not limited to §§ 102, 103, 112 and/or 116. More specifically, and without limitation, CNH asserts that METZGER knew or should have known:

a. The claims of the '333 patent are invalid under 35 U.S.C. §102 and/or §103 based upon prior art, including, but not limited to, the Claas art. Because the subject matter of the '333 patent claims was in the public domain prior to the filing date of the '333 patent, the claims are invalid under 35 U.S.C. §102 and/or §103.

b. The claims of the '333 patent are invalid for failing to comply with the conditions and requirements for patentability as set forth in the 35 U.S.C. § 116 and/or § 102(f). The '333 patent fails to name Mr. James M. Gessel as an inventor of the subject matter recited in the claims of the '333 patent, rendering the '333 patent invalid. On information and belief, this omission occurred with deceptive intent.

23. Further, METZGER knew or should have known that the '333 patent is unenforceable as a result of METZGER's inequitable conduct in prosecuting the '333 patent. As grounds therefor, CNH incorporates paragraph 20 of its Twelfth Defense.

24. On information and belief, and as set forth above, METZGER knew or should have known that the '333 patent is invalid and unenforceable; nevertheless, METZGER asserted the '333 patent against CNH, thereby impermissibly broadening the scope of the '333 patent claims with an anticompetitive effect. On information and believe, METZGER's assertion of the '333 patent against CNH was done with bad faith and for an improper purpose.

**FOURTEENTH DEFENSE**

25. METZGER is barred from any remedy or recovery as it comes to this Court with

unclean hands.

WHEREFORE, CNH denies that METZGER is entitled to judgment on any issue or damages in any amount whatsoever and prays that this Court will:

(a) Dismiss the Complaint with prejudice;

(b) Award CNH its costs and expenses;

(c) Enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and award CNH its attorneys' fees;

(d) Enter a judgment that CNH has not and does not infringe the '333 patent or otherwise performed any acts that violate 35 U.S.C. § 271;

(e) Enter a judgment that the '333 patent is invalid, void and/or unenforceable;

(f) Enter a judgment that CNH is not liable for any infringement of the '333 patent;

(g) Order that METZGER be estopped from asserting the '333 patent against CNH; and

(h) Award CNH such further relief as this Court deems just and proper.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaim Plaintiff CNH, for its counterclaims for declaratory judgment against Counterclaim Defendant METZGER, states as follows:

## THE PARTIES

26. CNH is a limited liability corporation organized and existing under the laws of the State of Delaware, having an office in Racine, Wisconsin.

27. On information and belief, METZGER is an individual residing in Circleville, Ohio.

## JURISDICTION AND VENUE

28. Counts I-VI set forth below arise under the provisions of the Declaratory Relief

Act, 28 U.S.C. § 2201 *et seq*., and the Patent Laws of the United States, 35 U.S.C. § 101 *et seq*., to declare the rights and legal relations of the parties. An actual justiciable controversy exists between CNH and METZGER, arising from METZGER's accusation that CNH has committed certain acts of patent infringement.

29. Venue and jurisdiction over the person of METZGER are properly conferred by virtue of, *inter alia*, METZGER having filed the Complaint in this judicial District and Division.

30. This Court has original and exclusive subject matter jurisdiction over the counterclaims asserted in Counts I-VI pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1338.

## BACKGROUND

31. METZGER has charged CNH with infringing the '333 patent in a Complaint filed with this Court on November 2, 2004.

32. CNH denies the charge of infringement, and further alleges that the '333 patent is invalid and/or unenforceable. Thus, an actual justiciable controversy exists between METZGER and CNH as to the infringement, validity, and enforceability of the '333 patent.

33. For many years, CNH and its predecessors in interest have been one of the world's leading manufacturers and suppliers of agricultural equipment. CNH manufactures and sells, *inter alia*, combines known as Models 8010 and 2388, which METZGER alleges infringe the '333 patent.

34. All CNH products, including the accused machines, are substantially different

from the machine disclosed and/or claimed in the '333 patent. For example, all CNH products, including the accused machines, have a structure and mode of operation substantially different from that described and/or claimed in the '333 patent. All CNH products, including the accused machines, are based on fundamentally different engineering principles, and attain results and advantages in operation which are substantially different from those described and/or claimed in the '333 patent.

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

35. CNH reasserts Paragraphs 1-34 as if fully set forth herein.

36. No machine manufactured by CNH, including the accused machines, literally infringes any claim of the '333 patent.

37. No machine manufactured by CNH, including the accused machines, infringes any claim of the '333 patent under the doctrine of equivalents.

38. Given the significant and substantial differences between all CNH products, including the accused machines, and the elements set forth in the claims of the '333 patent, it is clear that CNH has not manufactured, used, sold, or offered for sale in the United States, or imported into the United States, any products that infringe the '333 patent or otherwise committed any act in violation of 35 U.S.C. §271 with respect to the '333 patent.

39. Because of the proceedings in the USPTO during the prosecution of the '333 patent application, including narrowing amendments and arguments submitted to distinguish the application claims from prior art to obtain the '333 patent,

METZGER is estopped from contending that the claims of the '333 patent can be interpreted to cover any CNH products, including the accused machines.

40. METZGER is estopped from construing the claims of the '333 patent to cover and include any CNH product, including the accused machines.

41. METZGER cannot legally recapture any subject matter relinquished by amendment or argument during prosecution of the '333 patent application.

42. All CNH products, including the accused machines, are so far removed in principle, structure, and operation from the products disclosed and/or claimed in the '333 patent that they are substantially different in function, way of operation, and result from any product disclosed and/or claimed in the '333 patent, thereby precluding any infringement of the '333 patent. There are substantial differences between all CNH products, including the accused machines, and the products disclosed and/or claimed in the '333 patent, thereby precluding any infringement of the '333 patent. These substantial differences exist from the standpoint of a comparison of the machines as whole, and from the standpoint of comparison of individual elements or limitations of the '333 patent claims with any CNH product, including the accused machines.

43. METZGER's assertion of infringement ignores and misconstrues the elements of the '333 patent claims, including elements that were added by amendment and/or argued to the USPTO as being necessary to distinguish over the prior art and that are not found in any CNH product, including the accused machines, either literally or under the doctrine of equivalents.

44. In view of the above, when the claims of the '333 patent are construed properly,

METZGER'S allegation of infringement is devoid of merit, since the claims of the '333 patent are clearly not infringed.

45. This case is an exceptional case under 35 U.S.C. § 285.

WHEREFORE, CNH prays that this Court will:

(a) Enter judgment that CNH has not and does not infringe the '333 patent or otherwise performed any acts that violate 35 U.S.C. § 271;

(b) Award CNH its costs and expenses;

(c) Enter judgment that this is an exceptional case under 35 U.S.C. § 285 and award CNH its attorneys' fees pursuant to that section; and

(d) Award CNH such further relief as this Court deems just and proper.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY

46. CNH reasserts Paragraphs 1-45 as if fully contained herein.

47. Each and every claim of the '333 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States patent laws, Title 35 U.S.C. §101 *et seq.*, including but not limited to §§ 102, 103, 112 and/or 116. More specifically, and without limitation, CNH asserts that:

a. The claims of the '333 patent are invalid under 35 U.S.C. §102 and/or §103 based upon prior art, including, but not limited to, certain ground sensors utilized in corn headers manufactured, used, offered for sale and/or sold in the United States by Claas KGaA mbH and/or its affiliate Claas of America LLC and at least product literature disclosing the same (hereinafter "the Claas art"), East German Patent No. 14314, and British Patent No. 1,471,971. Because the subject matter of the '333 patent

claims was in the public domain prior to the filing date of the '333 patent, the claims are invalid under 35 U.S.C. §102 and/or §103.

b. The claims of the '333 patent are invalid under 35 U.S.C. §102(g). On information and belief, prior to METZGER's supposed invention of the subject matter recited in the claims of the '333 patent, this subject matter was developed in the United States by another inventor who had not abandoned, suppressed, or concealed it. In particular, on information and belief, the subject matter of the claims of the '333 patent was made by one or more employees of CNH or its predecessors at its Mt. Joy, Illinois facility.

c. The claims of the '333 patent are invalid for failing to comply with the conditions and requirements for patentability as set forth in 35 U.S.C. §112, including but not limited to the enablement requirement, the written description requirement, the best mode requirement, and the requirement that the claims particularly point out and distinctly claim the subject matter of the patent.

d. The claims of the '333 patent are invalid for failing to comply with the conditions and requirements for patentability as set forth in the 35 U.S.C. § 116 and/or § 102(f). The '333 patent fails to name Mr. James M. Gessel as an inventor of the subject matter recited in the claims of the '333 patent, rendering the '333 patent invalid. On information and belief, this omission occurred with deceptive intent.

48. This case is an exceptional case under 35 U.S.C. § 285.

WHEREFORE, CNH prays that this Court will:

(a) Enter judgment that the '333 patent is invalid, void and unenforceable;

(b) Award CNH its costs and expenses;

(c) Enter judgment that this is an exceptional case under 35 U.S.C. § 285 and award CNH its attorneys' fees pursuant to that section; and

(d) Award CNH such further relief as this Court deems just and proper.

## COUNT III

## DECLARATORY JUDGMENT OF UNENFORCEABILITY

49. CNH reasserts Paragraphs 1-48 as if fully set forth herein.

50. The '333 patent is unenforceable as a result of METZGER's inequitable conduct in prosecuting the '333 patent. As grounds therefor, CNH states as follows:

a. The '333 patent application was filed on December 6, 2000, and the '333 patent issued on February 25, 2003.

b. As an inventor and, thus, an individual associated with the filing and prosecution of the '333 patent application, METZGER had a duty of candor and good faith in dealing with the USPTO, which includes a duty to disclose to the USPTO all information material to patentability of the claimed subject matter of the '333 patent application.

c. METZGER's duty of candor and good faith existed throughout the pendency of the '333 patent application.

d. In December 1999, prior to filing the '333 patent application, METZGER disclosed his alleged invention of a ground sensor to Mr. James M. Gessel, an employee of Case Corporation at that time.

e. In March 2000, prior to the filing of the '333 patent application, Mr.

Gessel disclosed to METZGER highly pertinent prior art, including certain ground sensors utilized in corn headers manufactured, used, offered for sale and/or sold in the United States by Claas KGaA mbH and/or its affiliate Claas of America LLC and at least prior art product literature disclosing the same (hereinafter "the Claas art").

f. The Claas art disclosed to METZGER by Mr. Gessel is material as there is a substantial likelihood that a reasonable examiner would have considered it important in deciding whether to allow the '333 patent application to issue as a patent.

g. Based on Mr. Gessel's disclosure of the Claas art, METZGER was aware that highly material Claas products as, depicted in the Claas literature, were in commercial use more than one year before the filing date of the application for the '333 patent application and, therefore, such products qualified as prior art with respect to the to the '333 patent application.

h. On information and belief, METZGER, while appreciating the materiality of the Claas art, intentionally withheld the Claas art from the USPTO with the intent to deceive the USPTO.

i. METZGER's failure to disclose the Claas art constitutes inequitable conduct which renders each claim of the '333 patent unenforceable.

51. This case is exceptional under 35 U.S.C. § 285.

WHEREFORE, CNH prays that this Court will:

(a) Enter judgment that the '333 patent is permanently void and unenforceable;

(b) Award CNH its costs and expenses;

(c) Enter judgment that this is an exceptional case under 35 U.S.C. § 285 and award CNH its attorneys' fees pursuant to that section; and

(d) Award CNH such further relief as this Court deems just and proper.

## COUNT IV

## DECLARATORY JUDGMENT FOR CORRECTION OF INVENTORSHIP

52. CNH reasserts Paragraphs 1-51 as if fully set forth herein.

53. Prior to filing the '333 patent application, METZGER disclosed his purported improvement in ground sensors for combine heads to Mr. James M. Gessel.

54. METZGER retained Mr. James M. Hill, Esq., to prepare and file a U.S. patent application relating to METZGER's purported improvement in ground sensors for combine heads.

55. Mr. Hill prepared a draft patent application and, in mid-2000, provided this draft patent application to Mr. Gessel for his review and comments.

56. In response to Mr. Hill's request, Mr. Gessel reviewed the draft patent application and provided his input, including his own inventive contributions, to Mr. Hill.

57. Mr. Gessel's inventive contributions to the draft application were later incorporated in one or more claims of the '333 patent.

58. Mr. Gessel's inventive contributions to the claimed subject matter of one or more of the claims of the '333 patent require that Mr. Gessel be named as an inventor of the '333 patent.

59. Pursuant to the provisions of 35 U.S.C. § 256, this Court should correct the inventorship of the '333 patent if it finds no deceptive intent in the error which resulted in the omission of an inventor.

WHEREFORE, CNH prays that this Court will:

(a) Enter judgment that Mr. James M. Gessel is an inventor of the subject matter claimed in the '333 patent;

(b) Order the Director the U.S. Patent and Trademark Office to issue a Certificate of Correction naming Mr. James M. Gessel as an inventor of the subject matter claimed in the '333 patent;

(c) Award CNH its costs and expenses;

(d) Enter judgment that this is an exceptional case under 35 U.S.C. § 285 and award CNH its attorneys' fees pursuant to that section; and

(e) Award CNH such further relief as this Court deems just and proper.

**COUNT V**

**DECLARATORY JUDGMENT REGARDING OWNERSHIP OF THE '333 PATENT**

60. CNH reasserts Paragraphs 1-59 as if fully set forth herein.

61. As set forth more fully in Count IV, Mr. James M. Gessel is a co-inventor of the subject matter set forth in the claims of the '333 patent.

62. At the time Mr. Gessel made his inventive contributions to the claims of the '333 patent, he was obligated under his employment agreement with CNH or a predecessor of CNH to assign his entire rights to any invention in agricultural devices that he conceived while so employed. By virtue of this obligation and because Mr. Gessel contributed to the claimed subject matter of the '333 patent, CNH constructively owns a joint right, title and interest in the '333 patent, and/or enjoys an implied license to practice the '333 patent. Upon determination by the Court that Mr. Gessel is a co-inventor of the '333 patent, and execution of appropriate assignment to CNH, CNH would own an express joint right, title and interest in the '333 patent.

63. As an express and/or constructive co-owner of and/or implied licensee under the

'333 patent, CNH cannot, as a matter of law, be liable for infringement of the '333 patent.

WHEREFORE, CNH prays that this Court will:

(a) Enter judgment that CNH constructively owns a joint title, right, and interest in the '333 patent;

(b) Enter judgment that, by virtue of CNH's ownership interest in the '333 patent, CNH cannot infringe the '333 patent;

(c) Enter judgment that, by virtue of CNH's ownership interest in the '333 patent, the '333 patent is not enforceable against CNH;

(d) Award CNH its costs and expenses;

(e) Enter judgment that this is an exceptional case under 35 U.S.C. § 285 and award CNH its attorneys' fees pursuant to that section; and

(f) Award CNH such further relief as this Court deems just and proper.

**COUNT VI**

**DECLARATORY JUDGMENT OF PATENT MISUSE**

64. CNH reasserts Paragraphs 1-63 as if fully set forth herein.

65. Upon information and belief, METZGER has engaged in patent misuse.

66. METZGER knew or should have known that each and every claim of the '333 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States patent laws, Title 35 U.S.C. §101 *et seq.*, including but not limited to §§ 102, 103, 112 and/or 116. More specifically, and without limitation, CNH asserts that METZGER knew or should have known:

a. The claims of the '333 patent are invalid under 35 U.S.C. §102 and/or §103 based upon prior art, including, but not limited to, the Claas art. Because the subject matter of the '333 patent claims was in the public

domain prior to the filing date of the '333 patent, the claims are invalid under 35 U.S.C. §102 and/or §103.

b. The claims of the '333 patent are invalid for failing to comply with the conditions and requirements for patentability as set forth in the 35 U.S.C. § 116 and/or § 102(f). The '333 patent fails to name Mr. James M. Gessel as an inventor of the subject matter recited in the claims of the '333 patent, rendering the '333 patent invalid. On information and belief, this omission occurred with deceptive intent.

67. Further, METZGER knew or should have known that the '333 patent is unenforceable as a result of METZGER's inequitable conduct in prosecuting the '333 patent. As grounds therefor, CNH incorporates paragraph 50 of Count III.

68. On information and belief, and as set forth above, METZGER knew or should have known that the '333 patent is invalid and unenforceable, nevertheless METZGER asserted the '333 patent against CNH, thereby impermissibly broadening the scope of the '333 patent claims with an anticompetitive effect. On information and believe, METZGER's assertion of the '333 patent against CNH was done with bad faith and for an improper purpose.

WHEREFORE, CNH prays that this Court will:

(a) Enter judgment that METZGER engaged in patent misuse by virtue of asserting the '333 patent against CNH, thus rendering the '333 patent permanently void and unenforceable;

(b) Award CNH its costs and expenses;

(c) Enter judgment that this is an exceptional case under 35 U.S.C. § 285 and award CNH its attorneys' fees pursuant to that section; and

(d) Award CNH such further relief as this Court deems just and proper.

**JURY DEMAND**

CNH requests a trial by jury on all issues so triable in this action.

Submitted this 23rd day of December, 2004.

By: ______________________________

Mark Boland
Raja Saliba
Grant K. Rowan
SUGHRUE MION, PLLC
2100 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
Email: mboland@sughrue.com
rsaliba@sughrue.com
growan@sughrue.com

______________________________

*Local Counsel:*
Ruth E. Robinson
Brette E. Freedle
Paul A. Carpenter
O'HAGEN, SMITH & AMUNDSEN, LLC
308 W. State Street, Suite 320
Rockford, IL 61101
Telephone: (815) 987-0441
Facsimile: (815) 987-9891
Email: rrobinson@osalaw.com
bfreedle@osalaw.com
pcarpenter@osalaw.com

*Attorneys for CNH America L.L.C.*

3000430-RER

FILED
2004 DEC 23 AM 11:49
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

LEO A. METZGER, )
)
Plaintiff, )
)
vs. ) Civil Action No.: 04 C 50446
)
CNH AMERICA, LLC, f/k/a, CASE, LLC., )
f/k/a CASE CORPORATION, and NEW )
HOLLAND NORTH AMERICA, INC., )
)
Defendants. )

DOCKETED
DEC 23 2004

**NOTICE OF FILING**

PLEASE TAKE NOTICE that on November 30, 2004, the Defendants caused the attached Answer to Complaint and Counterclaims and Notice of Claims Involving Patents or Trademarks to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Western Division, 211 South Court Street, Rockford, Illinois 61101.

O'HAGAN, SMITH & AMUNDSEN

By: ______________________
Ruth E. Robinson, Attorney for Defendants

Attorney Ruth E. Robinson (ARDC No. 06207546)
O'HAGAN, SMITH & AMUNDSEN (4702)
308 West State St., Suite 320
Rockford, IL 61101
(815)987-0441

**PROOF OF SERVICE**

The undersigned, being first duly sworn on oath, deposes and states that she mailed, faxed and e-mailed a true and correct copies of *Answer to Complaint and Counterclaims and Notice of Claims involving patents and trademarks* to:

Attorney Daniel Konicek
Konicek & Dillon, P.C.
21 W. State Street
Geneva, IL 60134

by placing true and correct copies of said documents in an envelope, addressed as is shown above.

The he sealed said envelope and placed sufficient U.S. postage on it; that he deposited said envelope so sealed and stamped in the U.S. Mail at Rockford, Illinois, at or about the hour of 5:00 p.m. on the 23rd day of December, 2004.

Sandra J. Stevens

Sandra J. Stevens

Subscribed and sworn to before
me this 23rd day of December, 2004.

Angela Cook

Notary Public

OFFICIAL SEAL
ANGELA COOK
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-1-2007