IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Leo A. Metzger, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 04 C 50446 |
| | ) | |
| CNH America, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | Judge Frederick J. Kapala |

**ORDER**

CNH's motion to dismiss [182] is granted. Plaintiff's objections [115] to the magistrate judge's order [110] are overruled. The parties should consult and comply with Local Rule 54.3 with respect to any motion for attorney's fees and expenses. All other pending motions are denied as moot. This case is closed.

**STATEMENT**

On November 5, 2004, plaintiff, Leo A. Metzger, filed a one-count complaint against CNH America, LLC, f/k/a Case LLC and New Holland North America, Inc. ("CNH"), alleging infringement of his patent, No. 6,523,333 (the "333 Patent"). Jurisdiction was premised on 28 U.S.C. § 1338(a). Thereafter, CNH sought reexamination of the 333 Patent from the United States Patent and Trademark Office ("PTO"), which later revoked and cancelled plaintiff's patent. As a result, CNH now moves to dismiss the complaint as moot, and plaintiff concedes in his response that the reexamination "conclusively resolves the patent infringement claim." Accordingly, the motion to dismiss is granted.

Despite the foregoing, plaintiff argues that the case is not over. Specifically, plaintiff contends that this court should consider his pending objections to the magistrate judge's order denying his motion for leave to file an amended complaint, in which he sought to add state law claims for breach of contract, promissory estoppel, and unjust enrichment. After careful consideration, and assuming arguendo that this court has jurisdiction to review the magistrate judge's order even though the patent-in-suit has been invalidated, the court overrules the objections.

Plaintiff filed his motion for leave to file a first amended complaint on February 2, 2006. Notably, the motion was filed after the July 31, 2005 deadline that had been set for amended pleadings, after CNH had already filed a motion for summary judgment and sought reexamination of the 333 Patent, and after the initial decision by the PTO rejecting plaintiff's patent claims. In a written order dated March 27, 2006, the magistrate judge denied plaintiff's motion, noting, among other things, that "Plaintiff's delay in bringing his Motion to amend is prejudicial to Defendants and highly disruptive of the court's case management." Thereafter, plaintiff filed a document which he styled "Metzger's FRCP 53(g)(2) objections to magistrate's report," arguing that there was no undue prejudice because the proposed state law claims arise from the same operative facts as his patent claim and no new discovery was required. In the pleading, plaintiff requested that this court overrule the magistrate judge and grant his motion. Before the court could rule on the objections, the parties stipulated to the entry of a stay order pending the reexamination of the 333 Patent, which lasted for

over seven years.

Plaintiff's objections are procedurally deficient, which may explain why they were not ruled on prior to entry of the stay order. Plaintiff's objections were filed pursuant to Federal Rule of Civil Procedure 53(g)(2), which, at that time, provided the time frame in which a party could file objections to a master's order, report, or recommendation. The magistrate judge's order, however, is not the order of a master under Rule 53, but rather is an order on a nondispositive matter under Rule 72(a). See Hall v. Norfolk S. Ry. Co., 469 F.3d 590, 595 (7th Cir. 2006) ("[T]he magistrate judge's denial of [plaintiff's] motion to amend his complaint was nondispositive, subject only to review for clear error."). Indeed, the order itself specifically instructed plaintiff that he could file objections with the district court pursuant to Rule 72, but he failed to comply with this clear directive. Although the court could deny the objections on this procedural basis, the court will nevertheless construe the objections as if they were made pursuant to Rule 72(a).

When considering objections to a magistrate judge's Rule 72(a) order, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).[1] In his objections, plaintiff fails to set forth any basis to conclude that the order was clearly erroneous or contrary to law, and the court cannot so conclude on its own.[2] In denying the motion for leave to file an amended complaint, the magistrate judge correctly noted that the motion was untimely under the court's scheduling order. More importantly, the motion came after a dispositive motion for summary judgment had already been filed and after the PTO had already rejected plaintiff's patent claims. Given this timing, it was not clearly erroneous for the magistrate judge to find that allowing plaintiff to amend his pleadings at that stage would cause prejudice to CNH. Moreover, the court rejects plaintiff's contention that no new discovery would have been required, as the state law claims he was trying to add are based on different legal principles, even if the claims arose out of the same interactions.

In short, plaintiff offers no explanation for his delay in seeking to add the state law claims, which apparently were not important enough to raise until plaintiff began losing on the merits of his patent infringement claim. Plaintiff has also failed to show how the magistrate judge's order requiring compliance with the scheduling order was clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). Accordingly, there is no basis to overturn the magistrate judge's decision, and plaintiff's objections are overruled.

Date: 6/24/2014                    ENTER:

                                   _____

                                   FREDERICK J. KAPALA

                                   District Judge

---

[1] Although the language of Rule 72(a) was slightly different in 2006 when plaintiff filed his objections, the standard of review was still "clearly erroneous or contrary to law."

[2] If the objections were to a master's report under Rule 53, then a de novo standard of review would have been applicable. See Fed. R. Civ. P. 53(g)(3)-(4) (2006). This may explain why plaintiff attempted to rely on Rule 53 even though there was no basis to do so.